NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-783

COMMONWEALTH OF MASSACHUSETTS

vs.

DANIEL C. ARROYO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A jury in Worcester District Court found the defendant guilty of two counts of assault and battery, G. L. c. 265, § 13A; witness intimidation, G. L. c. 268, § 13B; vandalizing property, G. L. c. 266, § 126A; larceny from a person, G. L. c. 266, § 25 (b); and assault and battery on a family member or household member, G. L. c. 265, § 13M (a).  The defendant appeals, arguing that he was improperly doubly punished for a single offense because he was sentenced on the greater charge of assault and battery on a family or household member and its lesser included offense of assault and battery, such that the lesser charge must be dismissed.  He also argues that his convictions on two counts of assault and battery are duplicative of each other, such that one count must be dismissed.  We vacate

a single conviction for assault and battery, but affirm the remaining convictions.

Background. In the light most favorable to the Commonwealth, the jury could have found the following facts. During their three months of dating, the victim had moved in with the defendant. On October 9, 2019, the two returned home from a party at about 2 to 3 A.M. when they got into an argument, the defendant accusing the victim of cheating on him. The defendant told the victim that if she tried to leave, he would cut her, find the victim's daughter and kill her.[1] The defendant took the victim's phone, reviewed messages in which she said she was going to leave him, and then crushed the phone so that it broke and would not work.

A week or two later, the victim awoke to the defendant screaming in her face that she was cheating, as he straddled her body, pinning her down. The defendant pulled his head back and then slammed it into the victim's face, causing himself a bloody nose.

On October 22, 2019, the victim came home from work and told the defendant about an incident with a coworker. When the defendant again accused the victim of cheating, she grabbed her

---

[1] The victim testified that the defendant held a knife to her as he threatened her; however the jury acquitted the defendant of the charge of assault with a dangerous weapon based on the knife incident.

2

wallet and told him she was leaving.  The defendant picked up a knife, and the victim ran.  The defendant caught up to her at the doorway of the stairs, grabbed her and slammed her body into the door frame.  The victim's head got smashed; she felt dizzy and crawled back to bed.  The defendant took the victim's wallet from her and threw it out the window.[2]  He then ran out of the house, picked up the wallet, got into his car and drove away.

The victim left the house and ran to a nearby convenience store for help, after which she reported to the police.

Discussion.  The defendant's claims on appeal implicate the double jeopardy clause of the Fifth Amendment, specifically the protection against multiple punishments for the same offense; because the claims were not preserved in the trial court, however, we review for a substantial risk of miscarriage of justice.  See Commonwealth v. Traylor, 472 Mass. 260, 267 (2015) (unpreserved claim of violation of double jeopardy based on multiple punishments for same offense, reviewed under substantial risk of miscarriage of justice).

---

[2] The victim testified that, just before taking her wallet, the defendant picked up a side table and swung it at her but missed.  The jury acquitted the defendant of assault with a dangerous weapon based on the table incident.

3

1.  Double punishment for single offense.[3]  The defendant argues that the judge erred in sentencing him for the conviction of assault and battery on a family or household member, as well as for the lesser included offense of assault and battery.  It is true that one cannot be sentenced for both the greater and lesser included of a single offense.  See Commonwealth v. Vick, 454 Mass. 418, 433 n.15 (2009).  It is also true that assault and battery is a lesser included offense of assault and battery on a family or household member.  See Commonwealth v. D'Amour, 428 Mass. 725, 748 (1999).  The question here is "whether there is any significant possibility that the jury may have based convictions of greater and lesser included offenses on the same act."  Commonwealth v. Kelly, 470 Mass. 682, 701 (2015).  Whereas here the judge gave no instruction on separate and distinct acts, the prosecutor did not relate particular evidence to specific charges and the verdict slips did not tie facts to offenses, we conclude that there is a significant possibility that the jury premised the conviction of assault and battery on a family or household member on the same facts forming the basis of one of the convictions for assault and battery.  As a consequence, one of the convictions for assault and battery must

_____

[3] The Commonwealth agrees that the defendant was impermissibly sentenced on a greater charge and its lesser included offense.

4

be vacated.  See Commonwealth v. Mello, 420 Mass. 375, 398 (1995) (appropriate remedy is to vacate both sentence and conviction on lesser included offense).

2. Duplicative convictions.  The defendant also argues that the two convictions for assault and battery are duplicative of each other because they must be premised on the same set of facts.  He reasons that the original complaint charged him with two separate assault and batteries by means of a dangerous weapon, "to wit:  his head," and that the evidence at trial showed only one assault and battery committed by means of the defendant's head.

First, we note that the dangerous weapon alleged in the original complaint was not "his head" but rather "a head." Second, there was evidence that the defendant used his head to assault and batter the victim on one occasion.  But there was another occasion in which the defendant slammed the victim's body into a door frame, such that her "head got smashed."  In any event, the original complaint was amended just prior to trial, without objection, such that the jury heard only that the defendant was charged with two counts of assault and battery, without any reference to the manner in which they were accomplished.  Because there was evidence of two distinct assault and batteries committed by the defendant on the victim,

5

the two convictions are not duplicative.[4]  See Commonwealth v. Wooden, 103 Mass. App. Ct. 677, 683 (2024).

Conclusion.  On count two of the amended complaint, charging assault and battery, the judgment is vacated, the verdict is set aside, and that count is to be dismissed.[5]  The remaining judgments of conviction are affirmed.

So ordered.

By the Court (Desmond, Shin & Singh, JJ.[6]),

Assistant Clerk

Entered: June 21, 2024.

---

[4] Although the original complaint lists the assault and batteries as having been committed on October 9 and 14 of 2019, the evidence at trial was that the head-butting incident took place "a week or two later," after the events of October 9, 2019, and the slamming into the door frame incident took place on October 22, 2019.  As the defendant acknowledges, the date of the offense is not an element of the crime that must be proven; so long as there is evidence supporting the commission of the charged conduct, any variance as to the date will not warrant reversal absent prejudice arising out of the variance.  See Commonwealth v. Lester, 70 Mass. App. Ct. 55, 70 n.16 (2007). The defendant makes no claim on appeal that he was so prejudiced.

[5] "Because the defendant's sentence [on count two] did not increase the amount of time that he would spend incarcerated, . . . we need not remand this matter for resentencing." Commonwealth v. Johnson, 461 Mass. 44, 54 n.12 (2011).

[6] The panelists are listed in order of seniority.

6